1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9       SCOTT N. JOHNSON,

10                      Plaintiff,

11              v.                                          NO. CIV. S- 09-2716 GGH

12
        ELIAS H. JBEILY, et al.,
13                                                          STATUS (PRETRIAL
                        Defendant.                         SCHEDULING) ORDER
14
        _____/
15

16              Each of the parties in the above-captioned case has filed a "Consent to Proceed

17      Before a United States Magistrate Judge."  See 28 U.S.C. § 636(c).  According to E.D. Cal. R.

18      305, both the district court judge assigned to the case and the magistrate judge must approve the

19      reference to the magistrate judge.  The undersigned hereby approves the reference.

20              The parties have filed a joint statement regarding scheduling.  Accordingly, the

21      court makes the following findings and orders:

22      SERVICE OF PROCESS

23              All defendants have been served and no further service is permitted except with

24      leave of court, good cause having been shown.[1]

25      _____

26          [1] Defendant Marrach has been terminated from this case.

                                                    1

1  JOINDER OF PARTIES/AMENDMENTS

2          No further joinder of parties or amendments to pleadings is permitted except with

3  leave of court, good cause having been shown.

4  JURISDICTION/VENUE

5          Jurisdiction is undisputed and is hereby found to be proper, as is venue.

6  MOTION HEARING SCHEDULES

7          All law and motion except as to discovery is left open, save and except that it

8  shall be conducted so as to be completed by April 21, 2011.  The word "completed" in this

9  context means that all law and motion matters must be heard by the above date.  Counsel are

10  cautioned to refer to the local rules regarding the requirements for noticing such motions on the

11  court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions

12  for continuances, temporary restraining orders or other emergency applications, and is subject to

13  any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

14          The parties should keep in mind that the purpose of law and motion is to narrow

15  and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues

16  that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to

17  identify and fully research the issues presented by the case, and then examine those issues in light

18  of the evidence gleaned through discovery.  If it appears to counsel after examining the legal

19  issues and facts that an issue can be resolved by pretrial motion, counsel are to file the

20  appropriate motion by the law and motion cutoff set forth supra.

21          ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

22  PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices

23  designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE

24  COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED

25  IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

26  /////

DISCOVERY

All discovery is left open, save and except that it shall be so conducted as to be
completed by March 10, 2011.  The word "completed" means that all discovery shall have been
conducted so that all depositions have been taken and any disputes relative to discovery shall
have been resolved by appropriate order if necessary and, where discovery has been ordered, the
order has been complied with.  Motions to compel discovery must be noticed on the
undersigned's calendar in accordance with the local rules of this court and so that such motions
will be heard not later than February 24, 2011.

EXPERT DISCLOSURE

All counsel (and/or pro se parties) are to designate in writing and file with the
court, and serve upon all other parties, the names of all experts that they propose to tender at trial
not later than December 23, 2010.  An expert witness not appearing on said lists will not be
permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of
the witness could not have been reasonably anticipated at the time the lists were exchanged; (b)
the court and opposing counsel were promptly notified upon discovery of the witness; and (c)
that the witness was promptly proffered for deposition.  Failure to provide the information
required along with the expert designation may lead to preclusion of the expert's testimony or
other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient"(Rule
26(a)(2)(A)) and designated Rule 26(a)(2)(B) experts.  Both types of experts shall be listed.
Percipient experts are persons who, because of their expertise, have rendered expert opinions in
the normal course of their work duties or observations pertinent to the issues in the case.
Another term for their opinions are "historical opinions."  Percipient experts are experts who,
unless also designated as Rule 26(a)(2)(B) experts, are limited to testifying to their historical
opinions and the reasons for them.  That is, they may be asked to testify to their opinions given in
the past and the why's and wherefore's concerning the development of that opinion.  However,

1    they may not be asked to render a current opinion for the purposes of the litigation.

2          Designated Rule 26(a)(2)(B) experts, who may be percipient experts as well, are

3    specifically designated by a party to be a testifying expert for the purposes of the litigation.[2]  The

4    designated Rule 26 expert may express opinions formed for the purposes of the litigation.  A

5    party designating a Rule 26 expert will be assumed to have acquired the express permission of

6    the witness to be so listed.

7          The parties shall comply with the information disclosure provisions of Fed. R.

8    Civ. P. 26 (a)(2) for any expert, who is in whole or in part designated as a Rule 26(a)(2)(B)

9    expert.  This information is due at the time of designation.  Failure to supply the required

10    information may result in the striking of the designated Rule 26 expert.  All Rule 26 experts are

11    to be fully prepared to render an informed opinion at the time of *designation* so that they may

12    fully participate in any deposition taken by the opposing party.  Rule 26 experts will not be

13    permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which

14    should have been reasonably available at the time of designation.  The court will closely

15    scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in

16    bases from those expressed in the mandatory information disclosure.

17    <u>FINAL PRETRIAL CONFERENCE</u>

18          The Final Pretrial Conference is set in courtroom #9 of the undersigned on June 9,

19    2011, at 10:00 a.m.  Counsel are cautioned that counsel appearing for Pretrial will in fact try the

20    matter.

21          All parties are to be fully prepared for trial at the time of the Pretrial Conference,

22    with no matters remaining to be accomplished except production of witnesses for oral testimony.

23    Counsel are referred to Local Rules 281 and 282 relating to the contents of and time for filing

24    Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL

25

26          [2]  The court is not interested in a designation of non-testifying Rule 26 experts.

1   BE GROUNDS FOR SANCTIONS.

2           Notwithstanding the provisions of Local Rule 281, which contemplates the filing
3   of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT</u>
4   <u>STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u>
5   Local Rule 281(b)(3), (4), and (6).  The undisputed facts and disputed factual issues are to be set
6   forth in two separate sections.  The parties should identify those facts which are relevant to each
7   separate cause of action.  In this regard, the parties are to number each individual fact or factual
8   issue.  Where the parties are unable to agree as to what factual issues are properly before the
9   court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES"
10  all issues asserted by any of the parties and explain by parenthetical the controversy concerning
11  each issue.  The parties should keep in mind that, in general, each fact should relate or
12  correspond to an element of the relevant cause of action.  The parties should also keep in mind
13  that the purpose of listing the disputed factual issues is to apprise the court and all parties about
14  the precise <u>issues</u> that will be litigated at trial.  <u>The court is not interested in a listing of all</u>
15  <u>evidentiary facts underlying the issues that are in dispute.</u>[3]  The joint statement of undisputed
16  facts and disputed factual issues is to be filed with the court concurrently with the filing of
17  plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the
18  jury.

19          Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in
20  their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no
21  matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but
22  shall be attached as separate documents to be used as addenda to the Final Pretrial Order.
23  Plaintiff's exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>.
24  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at

25  _____

26          [3]  However, with respect to the listing of <u>undisputed</u> facts, the court will accept agreements
    as to evidentiary facts.

1    trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly

2    applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to

3    call or use will be viewed as an abuse of the court's processes.

4            Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty

5    at the pretrial conference to aid the court in (a) formulation and simplification of issues and the

6    elimination of frivolous claims or defenses; (b) settling of facts which should be properly

7    admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must

8    prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with

9    these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF

10   SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of

11   claims or defenses, or such other sanctions as the court deems appropriate.

12   TRIAL SETTING

13           Trial is set for August 8, 2011 at 9:00 a.m. in Courtroom No. #9 before the

14   undersigned.  Trial will be by the court.  The court expects the trial will take approximately three

15   days.

16   SETTLEMENT CONFERENCE

17           A Settlement Conference will be set at the time of the pretrial conference.

18   MISCELLANEOUS PROVISIONS

19           There appear to be no other matters presently pending before the court that will

20   aid the just and expeditious disposition of this matter.

21           IT IS SO ORDERED.

22           Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE

23   SCHEDULING ORDER AS FOLLOWS:

24        1.    The parties may conduct discovery until March 10, 2011.  Motions

25              to compel discovery are to be noticed to be heard by February 24,

26              2011, as more specifically described in this order.

6

1     2.      The parties shall disclose experts, as described herein, by December 23,

2             2010.

3     3.      All pretrial motions, except motions to compel discovery, shall be

4             completed as described herein on or before April 21, 2011.

5     4.      Pretrial conference (as described in local rule 282) is set in this case for

6             June 9, 2011, at 10:00 a.m.  Pretrial statements shall be filed in accord

7             with Local Rules 281 and 282.

8     5.      This matter is set for court trial on August 8, 2011, at 9:00 a.m.

9  DATED: April 14, 2010

                                            /s/ Gregory G. Hollows

10

11                                          _____
                                            GREGORY G. HOLLOWS
                                            U.S. MAGISTRATE JUDGE

12  GGH:076
    Johnson2716.sch.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26